# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEREK J. DEGROOT,

                    Petitioner,

v.

REED RICHARDSON,

                    Respondent.

Case No. 19-CV-1524-JPS

**ORDER**

      On October 16, 2019, Petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). After proceeding to trial in Waukesha County Circuit Court in late 2017, Petitioner was convicted of various child sexual abuse and drug-related felonies. *Id.* at 2. In January 2018 Petitioner was sentenced to twenty years' imprisonment, to be followed by twenty years' supervised release. *Id.* Petitioner did not appeal. *Id.* at 3.

      Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute

of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The glaring problem which the instant petition presents, and the reason it must be dismissed, is a lack of exhaustion of state remedies. A district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Petitioner candidly admits that he did not appeal. He did, however, file a state petition for a writ of habeas corpus asserting the grounds for relief he now presents. (Docket #1 at 4). That petition was filed directly with Wisconsin Supreme Court, which denied it on August 27, 2019. (Docket #1-2 at 16–17). The Wisconsin Supreme Court held that Petitioner had adequate remedies at law available to him—namely a direct appeal—and so he could not yet proceed in a habeas action. *Id.*

Petitioner makes two arguments related to exhaustion. First, he cites 28 U.S.C. § 2254(b)(1)(B), which allows a state prisoner to proceed with an unexhausted federal habeas petition if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." Petitioner appears to argue that a direct appeal in state court would fall under Subsection (ii), based on issues with his counsel. Petitioner complains that his lawyer does not want to raise the issues he feels are strongest for his appeal. Wisconsin law provides, in turn, that if Petitioner fails to raise an issue on direct appeal, it will be more difficult to have that issue heard on discretionary review. *See State of Wisconsin v. Starks*, 833 N.W.2d 274, 308 (Wis. 2013); *State v. Escalona-Naranjo*, 517 N.W.2d 157, 162 (Wis. 1994). Petitioner suggests that the Wisconsin appeal process could be remedied if he were allowed to file a supplementary brief along with that submitted by his counsel.

The Court rejects Petitioner's position, which is plainly nothing short of a legally unsupported wholesale attack on the entire Wisconsin criminal appeal process. While Wisconsin's courts impose some limitations on the blending of *pro se* and represented litigation (as does this Court), Petitioner has not shown that this renders the State's corrective process completely ineffective to protect his rights. In any event, the Court has no evidence that Petitioner has actually *tried* to use the State's corrective process and been left unsatisfied. Instead, the Court is presented only with Petitioner's hypothetical gripes about the system.

Petitioner's second argument that the petition he filed with the Wisconsin Supreme Court was adequate to exhaust his state remedies. According to Petitioner, the petition gave the Wisconsin Supreme Court and the Wisconsin Department of Justice notice of his contentions, and it

was dismissed. The Court is unpersuaded in light of the content of that dismissal. The Wisconsin Supreme Court rejected the petition for a procedural reason—that Petitioner still had a direct appeal available to him—and never reached the merits of Petitioner's claims. Thus, while he did present his arguments to the State's highest court, he failed to do so in accordance with the State's procedures, and therefore failed to achieve exhaustion. *Lieberman*, 505 F.3d at 669.

Because Petitioner has clearly failed to exhaust his state remedies, and has no valid excuse for this failure, the Court must dismiss this action without prejudice. The Court stresses the importance of exhaustion in the scheme of federal habeas review of state criminal judgments. As noted by the Seventh Circuit,

> [c]omity demands that we give "states the first opportunity to address and correct alleged violations of a petitioner's federal rights." [*Lieberman*, 505 F.3d at 669]. As the Supreme Court long ago explained, "in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the States, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the [C]onstitution," a habeas petitioner must first exhaust his state court remedies. *SKS & Assoc., Inc. v. Dart*, 619 F.3d 674, 679 n. 4 (7th Cir.2010) (quoting *Ex parte Royall*, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868 (1886)).

*Monegain v. Carlton*, 576 F. App'x 598, 602 (7th Cir. 2014). The principle of comity will not allow Petitioner to short-circuit the State's corrective

Page 4 of 6

process because he believes that it is not an ideal forum to present his claims.[1]

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner has exhausted his state remedies, or whether those remedies are so inadequate as to fall short of the standard set forth in 28 U.S.C. § 2254(b)(1)(B). As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

---

[1] It appears from a review of the online dockets in Petitioner's criminal cases and appeals that his time for a direct appeal may soon expire. The Court warns Petitioner that the ending of this period is not a good reason to simply re-file a federal habeas action. If he fails to proceed on a direct appeal, it is likely that any claims he would raise in a federal habeas case would be procedurally defaulted. A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Failing to take the opportunity for direct review is certainly contrary to state law, as is apparent from the Wisconsin Supreme Court's order rejecting Petitioner's petition he filed there. Thus, Petitioner should do all he can to exhaust his state remedies before returning to this Court. Those efforts still may not be enough to avoid procedural default, but they will give Petitioner the best chance of doing so.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust state remedies; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge